UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
CANADA DRY DELAWARE VALLEY     :
BOTTLING COMPANY and CANADA    :
DRY POTOMAC CORPORATION,       :         07 Civ. 8037 (SHS)
                               :
              Petitioners,     :
                               :
      -against-                :
                               :
HORNELL BREWING CO., INC., D/B/A :
FEROLITO, VULTAGGIO & SONS,    :
                               :
              Respondent.      :
------------------------------------------------------- x

## DECLARATION OF DANA KLINGES

I, Dana Klinges, declare and affirm under the penalties of perjury that:

1.  I am a lawyer at WolfBlock LLP, attorneys for Canada Dry Delaware Valley Bottling Company ("CDDV") and Canada Dry Potomac Corporation ("CDP"), and am authorized to make the following statements on behalf of CDDV and CDP.

2.  I submit this Declaration in support of CDDV and CDP's Motion to Compel Compliance with this Court's Judgment and for Contempt against Hornell Brewing Co., Inc. ("Hornell").

### ARBITRATION AND SETTLEMENT

3.  Hornell's refusal to honor its grant of territorial exclusivity to CDDV and CDP led them to commence arbitration on June 22, 2005.

4.  Pursuant to the terms of the parties' Distribution Agreements, the arbitration was conducted by the American Arbitration Association before three neutral arbitrators in New York, New York.

5. Hornell asserted in its defense, among other things, that exclusivity had been entirely eliminated from the agreements or, in the alternative, that if Hornell negotiated directly with a particular chain account a price that CDDV or CDP refused to accept, Hornell had the right to sell its packages to that account.

6. The arbitration was extremely costly and time consuming.

7. After 17 months of discovery, motion practice and six days of hearings, the parties reached a settlement in November 2006.

8. The business terms of the settlement were set forth in a letter dated November 14, 2006 (the "Letter Agreement") and a set of handwritten amendments (collectively, the "Settlement Agreement").

9. The exclusivity originally granted to CDDV and CDP was confirmed, and the parties agreed that such exclusivity extended to the new one liter plastic package.

10. The Settlement Agreement incorporated the Distribution Agreements.

11. However, the parties agreed to delete key language in Section 2.4 of the Distribution Agreements.

12. Hornell claimed during the arbitration that Section 2.4 gave it the right to sell products directly to retailers in numerous circumstances, including instances where the parties could not agree on pricing.

13. In response to another concern raised by CDDV and CDP, new language was added to aid in the prevention of transshipment, which occurs when Exclusive Products are sold to a third party outside the territory and thereafter shipped or resold into the Exclusive Territories.

14. As for the chain accounts, the parties agreed to a limited number of exceptions to exclusivity ("carve outs") whereby Hornell could continue to sell specified packages directly to specifically enumerated accounts.

15. For example, Hornell negotiated for the right to sell 16 ounce <u>glass</u> bottles and 15.5 ounce <u>cans</u> directly to Sam's Club, BJ's Wholesale Club and Costco.

16. In addition, Hornell is permitted to sell <u>all</u> of its products, packages and flavors on a direct basis to certain accounts, including CVS, Walgreens, Brooks, Eckerd, Rite Aid, Aldi's and certain military bases.

## **THE CONSENT AWARD AND JUDGMENT**

17. A consent award incorporating the terms of the Settlement Agreement between CDDV, CDP and Hornell was entered as an arbitration award on August 20, 2007 (the "Award"). A true and correct copy of the Award is attached as Exhibit 1.

18. The Award was confirmed by Order of this Court on September 28, 2007, and, pursuant to that Order, the Award was entered as a judgment on October 1, 2007 (the "Judgment"). A true and correct copy of the Judgment is attached as Exhibit 2.

19. The Award states that the parties are bound by the following three documents:

   a. The signed Letter Agreement dated November 14, 2006;

   b. The signed three paragraph handwritten document dated November 14, 2006; and

   c. The unsigned "Settlement Agreement and Mutual Release" dated November __, 2006 [blank in original], except for (a) Paragraph 1 (Amendments to the Distribution Agreement) and (b) "and the Amendments" in the first line and in the sixth line of paragraph 8 (Final Understanding), which are stricken.

A true and correct copy of the Letter Agreement and handwritten amendments is attached as Exhibit 3. A true and correct copy of the unsigned "Settlement Agreement and Mutual Release" is attached as Exhibit 4.

## **VIOLATION NOTICES**

20.     On April 1, 2008, I sent notice of sales of 16 ounce plastic packages to BJ's Wholesale Club and Sam's Club, and of sales of 20 ounce plastic packages to Exxon/Mobil, to Hornell's counsel, Howard Wolfson, informing him of the violations of the Settlement Agreement.

21.     The Settlement Agreement between the parties provides for a 60-day period to cure any default of the Settlement Agreement, a period which expired on June 2, 2008. A true and correct copy of the April 1, 2008 letter is attached as Exhibit 5.

22.     On April 25, 2008, I sent an additional default notice to Howard Wolfson regarding additional sales of the new 16 and 20 ounce plastic packages.

23.     Attached to this notice was an advertisement from National Wholesale Liquidators, offering the 16 ounce plastic/12-pack for resale.

24.     In this second default letter, I advised Hornell again of its June 2, 2008 deadline to cure these defaults. A true and correct copy of the April 25, 2008 letter is attached as Exhibit 6.

25.     On May 19, 2008, I sent another default notice, based on Hornell's refusal to fill CDDV's and CDP's orders for plastic products, and notifying Hornell of the need to cure sales of 16 ounce plastic/12-packs to Costco and Wegmans. A true and correct copy of the May 19, 2008 letter is attached as Exhibit 7.

26.     On June 4, 2008, Mr. Wolfson responded to CDDV and CDP's notices of default. A true and correct copy of Mr. Wolfson's letter is attached as Exhibit 8.

27.     True and correct copies of receipts documenting further sales of plastic products in CDDV's and CDP's territories, and photographs documenting the sale of 16 ounce plastic products at Wegmans in Cherry Hill, New Jersey and at BJ's Wholesale Club in Philadelphia, Pennsylvania are attached as Exhibit 9.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2008.

_____
Dana Klinges