# EXHIBIT 2

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter the "Agreement") is made by and between Canada Dry Delaware Valley Bottling Company ("CDDV"), Canada Dry Potomac Corp. ("CDP") (collectively, the "Claimants") and Hornell Brewing Company, Inc. d/b/a Ferolito, Vultaggio & Sons ("Hornell"). This Agreement shall be deemed entered into as of the date of the signature of the last party or party representative to sign.

WHEREAS, Hornell executed an exclusive distribution agreement with CDDV on March 17, 1997, granting CDDV exclusive distribution rights in Bucks, Chester, Delaware, Montgomery and Philadelphia Counties in Pennsylvania (the "Pennsylvania Agreement");

WHEREAS, Hornell executed an exclusive distribution agreement with CDDV on March 17, 1997, granting CDDV exclusive distribution rights in Atlantic, Burlington, Camden, Cape May, Cumberland, Gloucester and Salem Counties in New Jersey, and Kent, New Castle and Sussex Counties in Delaware (the "New Jersey Agreement," referred to with the Pennsylvania Agreement as the "CDDV Agreements");

WHEREAS, Hornell executed an exclusive distribution agreement with CDP on December 23, 1998, granting CDP exclusive distribution rights in the District of Columbia and Anne Arundel, Baltimore, Baltimore City, Carroll, Frederick, Howard, Montgomery, and Prince George's Counties in Maryland (the "CDP Agreement");

WHEREAS, CDDV and CDP commenced an arbitration against Hornell by causing a demand for arbitration to be delivered to the American Arbitration Association on June 22, 2005, captioned *Canada Dry Delaware Valley Bottling Co. and Canada Dry Potomac Corp. v. Hornell Brewing Co., Inc. d/b/a/ Ferolito, Vultaggio & Sons*, AAA Case Number 13 181 01425 05 (the "Action");

WHEREAS, Hornell disputes the claims asserted by CDDV and CDP in the Action and has asserted defenses and a counterclaim; and

WHEREAS, CDDV, CDP and Hornell (collectively, the "Parties") desire to settle all claims that were or could have been asserted in the Action without incurring further litigation costs;

NOW, THEREFORE, in consideration of the mutual obligations and undertakings set forth herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and intending to be legally bound hereby, the undersigned hereby to agree as follows:

1. 

2. **Consent to Award:** The parties agree to seek the Arbitration Panel's approval to conclude this Action by jointly submitting a copy of the Agreement to the Arbitration Panel as an attachment to a proposed Consent Award.

3. **Confirmation:** Any party may file a petition to confirm the Consent Award. The Parties agree that the amount in controversy in the Action exceeds the sum or value of $75,000, exclusive of interest and costs, and that the preferred forum for confirmation is the United States District Court for the Southern District of New York. Should that court decline jurisdiction for any reason, the Consent Award may be confirmed in the Supreme Court of New York, New York County. The Parties agree not to object to such a petition on any ground, including but not

limited to jurisdiction, and the Parties further agree not to file a petition to vacate the Consent Award.

4.    **Mutual Releases:** The Parties for good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, for themselves and each of their respective past, present and future officers, employees, directors, shareholders, agents, representatives, affiliates, partners, subsidiaries, successors and assigns, do hereby remise, release and discharge each other and hold each other and their respective past, present and future officers, employees, directors, shareholders, agents, representatives, affiliates, partners, subsidiaries, successors and assigns of any of them harmless for any and all claims relating to the CDDV Agreements and/or CDP Agreement that were or could have been asserted in the Action.

5.    **Confidentiality:** The Parties agree that all documents collected during the course of discovery in the Action shall be kept confidential and shall not be disclosed or otherwise disseminated to any other person(s) or individual(s), except as the parties may be required by Order of Court or other governmental agency, and/or as the parties have agreed in the Confidentiality Agreement in this matter which, by its terms, survives the conclusion of the Action and requires all "Confidential Information" to be returned or destroyed. To the extent any documents have been labeled "Attorneys' Eyes Only" and not "Confidential," the Parties agree that such documents should be deemed, "Confidential Information" and returned or destroyed as required by the Confidentiality Agreement. Any party making any disclosure of evidence or documents permitted by the first sentence of this paragraph must provide to the opposing party's counsel notice that the evidence or documents will be disclosed at least five (5) business days before the date of any such disclosure. The parties further agree that the terms and conditions of this Agreement shall be kept confidential and shall not be disclosed or otherwise disseminated to any other person(s) or individual(s) except as follows: (1) as may be necessary to

seek confirmation or enforcement of this Agreement, (2) as the parties may be required by Order

of Court or other governmental agency, and/or (3) as may be needed by the parties' agents and

professional advisors, including their auditors, accountants, and attorneys. Any party making

any disclosure to its agents and professional advisors, including its auditors, accountants, and

attorneys, as permitted by this paragraph, shall advise any such person or entity that the

disclosure is subject to this confidentiality provision and shall obtain reasonable assurances from

any such person or entity that it will not disclose any information covered by this confidentiality

provision. It is further understood and agreed that the parties and their respective counsel shall

not in any way publicize or give comment to any third parties, aside from those listed above,

including any news or communication media (including, but not limited to, newspapers,

magazines, radio, television, or Internet) regarding the terms and/or conditions of this Agreement

or the evidence, claims or contentions regarding the Action.

6.    **Attorneys' Fees and Costs:**  The Parties agree that the costs of litigation and

attorneys' fees in the Action shall be borne by the respective party incurring such costs or

attorneys' fees and that the arbitration costs shall be paid 50% by the Claimants and 50% by the

Respondent.

7.    **Preparation of the Agreement and Construction:**  Each Party has cooperated in

the drafting and preparation of this Agreement. Therefore, the Agreement shall not be construed

against any Party.

8.    **Final Understanding:**  The Parties agree that the CDDV Agreements and the

CDP Agreement remain in full force and effect according to their terms as amended by this

Agreement ████████████. This writing constitutes the complete, final and entire

understanding of the Parties hereto with respect to all matters relating to this Agreement. Other

than the terms of this Agreement, terms of the CDDV Agreements and the CDP Agreement

which are not modified or amended by the terms of this Agreement ████████████, there are no other terms, covenants, conditions or representations.

9.   Amendment: This Agreement may not be modified or changed orally, and may be amended only by an agreement in writing signed by the Parties.

10.   Claims Arising out of the Enforcement of this Agreement: The Parties do not release each other from any claims, counterclaims, demands, causes of action and rights of action arising out of the enforcement of the terms of this Agreement or the Consent Award as confirmed by a court of competent jurisdiction. Prior to commencing any action relating to the enforcement of this Agreement or the Consent Award as confirmed, the party alleging breach must provide notice to the party alleged to have breached, specifying in sufficient detail the allegation and the basis therefor, and must provide no less than 60 days to cure the alleged breach.

11.   Notices: Any notice or other transmission of information required under the provisions of this Agreement shall be made by overnight courier service, addressed as follows:

**For CDDV and/or CDP:**

Canada Dry Delaware Valley Bottling Company, and/or
Canada Dry Potomac Corp.
8275 U.S. Route 130, Pennsauken, New Jersey 08110
Attn: Jeffrey Honickman

-and-

Dana B. Klinges, Esquire
Wolf, Block, Schorr & Solis-Cohen, LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103

**For Hornell Brewing Company, Inc.:**

Hornell Brewing Company, Inc.
5 Dakota Drive, Lake Success
New York, NY 11042
Attn: _____

-and-

Howard Wolfson, Esquire
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022

12.    Representations and Warranties:  The Parties further represent and warrant that:

  a.   they have not made any promise, representation or warranty, express or implied, not contained in this Agreement concerning the subject matter of this Agreement and the Parties acknowledge that they have not executed this Agreement in reliance upon any such promise, representation or warranty not contained in this Agreement;

  b.   they have not assigned the claims asserted in the Action to any other entity; and

  c.   each of the signatories for the Parties further represents that he or she is fully authorized to enter and execute this Agreement for and on behalf of the entity that he or she represents and that such entity has duly authorized him or her to sign on its behalf, as reflected on the attached signature page(s).

13.    Choice of Law and Venue:  The parties agree that this Agreement is governed by the laws of the State of New York.  Notwithstanding the arbitration provisions in the CDDV Agreements and the CDP Agreement, the venue for any action arising out of the interpretation, enforcement or a breach of this Agreement or the Consent Award as confirmed shall be the United States District Court for the Southern District of New York or, if the Consent Award is confirmed in state court pursuant to paragraph 3 above, the Supreme Court of New York, New York County.

14.    Counterparts:  This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original.  The executed signature pages from each counterpart may be joined together and attached to one such original, which shall constitute one and the same instrument.


IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed on the last day and year written below:


Canada Dry Delaware Valley Bottling Company, and
Canada Dry Potomac Corp.


_____

By: Harold Honickman, Chairman

Date:  November _____, 2006


Hornell Brewing Co., Inc.


_____

By:  Don Vultaggio,

Date:  November _____, 2006